1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9    JONATHAN REDFERN, and MARGARET        )
     REDFERN, individually and as husband and )
10   wife, and as next friend of their minor )        3:09-CV-00317-LRH-RAM
     children,                              )
11                                          )
                    Plaintiffs,             )        ORDER
12                                          )
      v.                                    )
13                                          )
     TRANSAMERICA MOVING, Inc., a           )
14   California Corporation, et al.,         )
                                            )
15                  Defendants.             )
                                            )
16   _____  )

17        Before the court is Plaintiffs Jonathan Redfern and Margaret Redfern's "Ex Parte Motion

18   for Temporary Restraining Order and Preliminary and Permanent Injunction and Prejudgment Writ

19   of Attachment Without Notice" (#2[1]).

20        In the complaint, Plaintiffs allege Defendant Transamerica Moving, Inc. ("Transamerica"),

21   a company they hired to move their personal belongings, never delivered their property and has

22   since improperly withheld their property, demanding increasing amounts of money for the

23   property's return.  In the motion now before the court, Plaintiffs seek a temporary restraining order

24   to prevent Transamerica from selling their property at an auction on July 10, 2009, in Reno,

25

26
     _____
          [1] Refers to the court's docket entry number.

1   Nevada.  They bring the motion ex parte because they "believe that if given notice, Defendants will

2   either sell or abscond with whatever remains of [Plaintiffs'] personal property."  (Pl.'s Mot. (#2) at

3   3.)

4         Pursuant to Federal Rule of Civil Procedure 65(b)(1), the court may issue a temporary

5   restraining order without notice to the adverse party only if:

6         (A) specific facts in an affidavit or a verified complaint clearly show that immediate and
          irreparable injury, loss, or damage will result to the movant before the adverse party can be
7         heard in opposition; and
          (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons
8         why it should not be required.

9   Fed. R. Civ. P. 65(b)(1).

10         Plaintiffs have failed to satisfy either of these requirements.  Plaintiffs' belief, unsupported

11   by any facts, that Transamerica might sell their property should it receive notice is insufficient

12   under Rule 65(b)(1) to warrant the issuance of a temporary restraining order without notice to the

13   adverse party.  The Ninth Circuit has held that to justify an ex parte temporary restraining order on

14   the grounds that the adverse party is likely to dispose of the property at issue before the hearing,

15   "the applicant must do more than assert that the adverse party would dispose of evidence if given

16   notice."  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citation

17   omitted).  Instead, "Plaintiffs must show that defendants would have disregarded a direct order and

18   disposed of the goods within the time it would take for a hearing . . . [and] must support such

19   assertions by showing that the adverse party has a history of disposing of evidence or violating

20   court orders or that persons similar to the adverse party have such a history."  *Id.* (citations

21   omitted).

22         Here, Plaintiffs have failed to present specific facts supporting their belief that, with notice,

23   Transamerica will "sell or abscond with" their property.  In her affidavit, Plaintiff Margaret Redfern

24   fails to supply any facts indicating Transamerica is likely to sell their property before the auction

25   scheduled for July 10, 2009.  In addition, as required by Rule 65(b)(1)(B), Plaintiffs' attorney has

26
                                              2

1    not certified in writing the reasons why notice should not be required.  Before the auction date,

2    Plaintiffs will have adequate time to provide Transamerica with notice of its request for a temporary

3    restraining order and can request an expedited hearing if necessary.  Accordingly, the court will

4    deny the ex parte motion.

5              IT IS THEREFORE ORDERED that Plaintiffs' "Ex Parte Motion for Temporary

6    Restraining Order and Preliminary and Permanent Injunction and Prejudgment Writ of Attachment

7    Without Notice" (#2) is hereby DENIED.

8              IT IS SO ORDERED.

9              DATED this 22nd day of June, 2009.

10

11                                                            _____

                                                              LARRY R. HICKS
12                                                            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                       3