1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                                    * * *
                                      )
9   JONATHAN REDFERN, et al.,          )
                                      )
10                Plaintiffs,          )          3:09-CV-0317-LRH-VPC
                                      )
11   v.                                )
                                      )          <u>ORDER</u>
12   TRANSAMERICA MOVING, INC., et al.,)
                                      )
13                Defendants.          )
    _____)

14

15          Before the court are plaintiff Jonathan and Margaret Redfern's ("the Redferns") motion to

16   re-open the case (Doc. #83[1]) and motion for turnover of deposit (Doc. #84).

17          Also before the court is defendant Alex Plotkin's ("Plotkin") motion to dismiss for lack of

18   personal jurisdiction. Doc. #89.

19   **I.    Facts and Procedural History**

20          This action involves the transportation of the Redferns' personal property from California

21   to their new home in Reno, Nevada. The Redferns contracted with defendants to package and

22   transport the property. The Redferns paid the initial contract cost and the property was transported

23   to Nevada. Thereafter, defendants allegedly held the Redferns' property for additional funds that

24   were not disclosed in the contract.

25

26
    _____

        [1] Refers to the court's docket number.

Subsequently, on June 18, 2009, the Redferns filed the underlying complaint against defendants alleging ten causes of action: (1) conversion; (2) bailment; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) unjust enrichment; (6) negligence; (7) accounting; (8) injunctive relief; (9) deceptive trade practices; and (10) tariff violation. Doc. #1.

**II.     Motion to Re-Open (Doc. #83)**

On January 26, 2010, while the parties were briefing initial motions to dismiss, defendant Transamerica Moving, Inc. ("Transamerica") filed a voluntary chapter 7 bankruptcy petition which caused this action to be automatically stayed. In response, the court administratively closed this action for the duration of the bankruptcy. Doc. #82.

On May 14, 2010, the United States Bankruptcy Court issued an order closing Transamerica's chapter 7 bankruptcy case. Doc. #85, Exhibit 1. Because Transamerica's bankruptcy action is now closed and the automatic stay is no longer in effect, the court shall grant the Redferns' motion to lift the stay and re-open this action.

**III.    Motion for Turnover of Deposit (Doc. #84)**

At the initiation of this action, the Redferns' filed a motion for a preliminary injunction enjoining defendants from disposing of plaintiff's goods. Doc. #16. The court granted the Redferns' motion, but required that they post a $2,500.00 bond prior to the injunction going into effect which was deposited with the court. Doc. ##25,27. After the bond was deposited, the court ordered the turnover of the Redferns' property. Doc. #41. Thereafter, the Redferns filed the present motion for turnover of their $2,500.00 deposit. Doc. #84.

The court finds it unnecessary for the Redferns to maintain the $2,500.00 bond now that their property has been returned and the injunction is no longer in effect. Accordingly, the court shall grant the Redferns' motion for turnover.

///

2

**IV.     Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #89)**

Defendant Plotkin moves this court for an order of dismissal for lack of personal jurisdiction. *See* Doc. #89. "A defense of lack of jurisdiction over the person . . . is waived . . . (B) if it is neither made by motion under this rule nor included in a responsive pleading . . . ." FED. R. CIV. P. 12(h)(1); *see also*, *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318, (9th Cir. 1998) (failure to raise the defense of lack of personal jurisdiction in an initial pleading or motion constitutes a waiver of that defense). Here, Plotkin previously filed a motion to dismiss on the merits and failed to raise the defense of lack of personal jurisdiction. *See* Doc. #59. Therefore, Plotkin has waived this defense and the court may exercise personal jurisdiction over him in this action. *See Peterson*, 140 F.3d at 1318. Accordingly, the court shall deny Plotkin's motion to dismiss for lack of personal jurisdiction.

IT IS THEREFORE ORDERED that plaintiffs' motion to re-open case (Doc. #83) is GRANTED. The clerk of court shall administratively re-open this action and lift the stay.

IT IS FURTHER ORDERED that plaintiffs' motion for turnover of deposit (Doc. #84) is GRANTED. The clerk of court shall turnover and pay the amount of $2,500.00 to plaintiffs.

IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of personal jurisdiction (Doc. #89) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE